**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2791
_____

DAYSE HERNANDEZ,
Appellant

v.

WAL-MART, Store located at 1601 West Edgar Road, Linden New Jersey
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-13771)
District Judge: Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2021

Before: CHAGARES, PHIPPS, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 22, 2021)
_____

OPINION[*]
_____

PER CURIAM

 Dayse Hernandez appeals pro se from the District Court's order granting summary

judgment to the defendant, Wal-Mart. We will affirm the District Court's judgment.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Hernandez was hired as a cashier at a Wal-Mart store in Linden, New Jersey, in November 2011.  In December 2016, the store's asset protection program alerted managers to several suspicious purchases.  See Case Report, ECF No. 54-4 at 6.  An investigation led the managers to Hernandez's register, where she was found to have charged another associate (Rosa Diaz) a lower price than the one marked on two occasions.  Id.  Rather than scanning Diaz's items, Hernandez had grouped the items together and entered the lower price into her register by hand.  See Hernandez Dep., ECF No. 54-9 at 109.  On December 24, 2016, a manager interviewed Hernandez.  She told the manager that Diaz had said that the items were on clearance, and that she had no reason to doubt her.  See Case Report, ECF No. 54-4 at 6.  Hernandez acknowledged that she knew that seasonal items were not on sale, and that she had not followed the appropriate procedure for obtaining a price check.  Id.  Hernandez was fired after the interview.

Hernandez, who is Hispanic, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in November 2017, claiming, among other things, that she was terminated because of her national origin.  See EEOC Charge, ECF No. 1-1.  In December 2017, she filed a pro se complaint in the District Court against Wal-Mart, raising discrimination, retaliation, and hostile work environment claims under Title VII of the Civil Rights Act.  Wal-Mart filed a motion for summary

judgment.  Concluding that Hernandez had failed to establish a prima facie case for any of her claims, the District Court granted Wal-Mart's motion.  Hernandez appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's grant of summary judgment.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Although "[w]e view the facts and draw all reasonable inferences in the non-movant's favor," we will conclude that "[a] disputed issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015).

## III.

To establish a prima facie case of disparate treatment under Title VII, Hernandez was required to show that: (1) she belongs to a protected class, (2) she was qualified for the position she occupied, and (3) she was subject to an adverse employment action (4) under circumstances that give rise to an inference of unlawful discrimination.  See In re Tribune Media Co., 902 F.3d 384, 401 (3d Cir. 2018).  After a prima facie case is made, the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse action.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

The burden then shifts back to the plaintiff to demonstrate that the defendant's reason was, in fact, pretext for discrimination. Id. at 803–04.

Hernandez failed to make a prima facie showing because the record does not include evidence that could give rise to an inference of unlawful discrimination. In her complaint, she asserted that she was bullied, discriminated against, and targeted for cashier audits because she is Hispanic. See, e.g., Complaint, ECF No. 1-1 at 4. However, she alleged no specific instances of discrimination, and nothing in the record suggests that Hernandez's race or national origin was a motivating factor in her termination.[1]

Even assuming that she did make a prima facie case, Hernandez failed to rebut Wal-Mart's legitimate, non-discriminatory reason for firing her. While Hernandez disputes that she "under-rang" Diaz's items, see Appellant's Br., Summary at 12, she admitted that she made a manual price change, see Hernandez Dep., ECF No. 54-9 at 109. Doing so without first obtaining a price check is a violation of Wal-Mart's policies. See Associate Purchases Policy, ECF No. 54-5. There is no evidence in the record to

_____

[1] During her deposition, Hernandez testified that, from 2011 to 2013, she was scheduled for the worst and busiest shifts and never given weekends off. See Hernandez Dep., ECF No. 54-9 at 75. She also stated that she was not transferred to another position despite making her preferences clear. Id. at 76. However, she explained that she was not transferred because she was considered to be one of the best cashiers. Id. She did not mention her national origin as a reason for her specific work assignments. Moreover, she refused to answer defense counsel's question whether Hernandez's race, ethnicity, or national origin "came up" during the investigation that led to her termination or her exit interview. See id. at 110–11.

suggest that the managers who interviewed and terminated Hernandez did not do so on that basis—in other words, there is no evidence that their stated rationale for firing Hernandez was pretextual.  See McDonnell Douglas, 411 U.S. 792, 804–05 (describing the kinds of evidence relevant to a showing of pretext).[2]

Hernandez's retaliation and hostile work environment claims are also meritless. To establish a prima facie case of retaliation, Hernandez was required to show, among other things, that she engaged in activity protected by Title VII.  See Moore v. City of Philadelphia, 461 F.3d 331, 340–41 (3d Cir. 2006).  However, she did not allege that she engaged in any protected activities during her time at Wal-Mart, and she did not file her EEOC charge until November 2017—months after her termination.  Likewise, Hernandez failed to establish a prima facie hostile work environment claim.  To do so she had to show, among other things, that she suffered "severe or pervasive" intentional discrimination because of her national origin.  Tribune, 902 F.3d at 399.  As discussed above, the record contains no evidence from which an inference of discrimination can be

---

[2] There is also nothing in the record to support Hernandez's allegation that Wal-Mart refused to provide her with available evidence, such as the receipts or video footage from the incidents that led to her termination.  See Appellant's Br., Summary at 2.  Hernandez failed to engage in the discovery process for many months after the initiation of this lawsuit.  Following a hearing to show cause as to why her case should not be dismissed for failure to prosecute, the District Court informed Hernandez that she could send Wal-Mart interrogatories and document requests.  See Order, ECF No. 30.  In September 2018, she sent the defendant interrogatories with questions that are irrelevant to her case, such as, "What was the name of Caligula's horse?"  See ECF No. 31.  There is nothing in the record to suggest that Hernandez ever sent Wal-Mart a request for documents or other evidence, or that such evidence exists.

drawn.  Hernandez's testimony that there was a general culture of paranoia and distrust among the managers toward the cashiers is insufficient to state a hostile work environment claim.  <u>See</u> Hernandez Dep., ECF No. 54-9 at 113.

Accordingly, we will affirm the judgment of the District Court.  Hernandez's outstanding motions are denied.